IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NELSON RAJO,**

    **Plaintiff,**

v.                                                **CASE NO. 4:06-cv-00221-SPM-AK**

**DAVID COPHER,**
**L E LONG,**
**LUIS ALBERTO F RODRIGUEZ,**
**JANE VANN SADLER,**
**KEVIN SEAGO,**

    **Defendants.**
_____/

## O R D E R

Presently before the Court are the following motions: (1) Plaintiff's Motion to Compel his medical records (doc. 40); (2) Plaintiff's Motion to Compel a Rule 35 examination (doc. 44); and (3) Plaintiff's Second Motion to Compel medical records. (Doc. 45).  The Court has also reviewed the amended complaint (doc. 42) and finds that the facts as presented still fail to state a claim upon which relief can be granted. Plaintiff alleges that he was denied adequate medical care from Dr. David Copher for his teeth, which has resulted in pain and a black mark on his right front tooth causing him embarrassment.  Since his previous complaint (doc. 1) he has added claims against Defendants Seago, Long and Sadler, as well as a claim against Inmate Luis Alberto Figueroa Rodriguez.

The Court understands the nature of Plaintiff's claims against Defendant Copher sufficiently to have them served upon him.  However, he has added other claims which are not presently viable.  Plaintiff's claims against Inmate Rodriguez for assaulting him

are not constitutional claims, but are state law claims for assault and battery. However, it appears that he is claiming that Defendants Seago and Long knew about the possible assault or may have instigated it and since they are state actors charged with protecting Plaintiff he may have stated a claim against them, but he should provide more facts.

"'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.' ... It is not, however, every injury suffered by one prisoner at the hands of another that translates into [a] constitutional liability. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994)(citations omitted). To show a violation of an inmate's Eighth Amendment right to be protected, a Plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. Each element must be proven. <u>Purcell ex rel Estate of Morgan v. Toombs County</u>, 400 F.3d 1313 (11th Cir. 2005); <u>Hale</u> <u>v. Tallapoosa County,</u> 50 F.3d 1579, 1582 (11th Cir. 1995); <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1537 (11 Cir. 1993). The mere knowledge of a dangerous condition does not establish deliberate indifference, the plaintiff must demonstrate that with knowledge of the dangers, the defendants knowingly or reckless declined to take actions that would have improved the conditions. <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1537 (11 Cir. 1993). A prisoner under the Eighth Amendment has a right to be "reasonably protected from constant threat of violence and sexual assault by his fellow inmates," <u>Woodhous v. Virginia</u>, 487 F.2d 889, 890 (4th Cir. 1973), but "a prison custodian is not the guarantor of a prisoner's safety." <u>Popham v. City of Talladega,</u> 908 F.2d 1561, 1564 (11th Cir. 1990). Liability is not predicated on which officers actually used force and an officer who witnessed an excessive use of force and did not intervene can be held liable. <u>Skrtch v. Thornton</u>, 280 F.3d 1295, 1302 (11th Cir. 2002).

Thus, Plaintiff should provide more details about how and what he told Defendant Seago, how and when the assault by Inmate Rodriguez occurred, what Defendant Long's involvement was, and what injuries resulted from it.  These facts are not clear and Plaintiff did not attach any of the exhibits he refers to throughout the complaint nor does he attach proof of exhaustion.  There are grievances throughout the file, but none appear to address the alleged assault or his claims that he told Seago and perhaps Long about the threats of violence and nothing was done to protect him.  If he has not exhausted these claims he should consider deleting them from the second amended complaint.  Further, since each amended complaint replaces the previous pleading Plaintiff should attach the grievances relevant to the claims raised in each pleading to that pleading since neither the Court nor the Defendants, if service is made upon them, should be forced to search the file for these papers.  Consequently, Plaintiff should attach all grievances or other exhibits he wishes considered with his second amended complaint to that pleading.

Finally, with regard to the amended complaint, Plaintiff has named Defendant Jane Sadler and asserted his claim against her for failing to notarize an affidavit.  If Plaintiff is claiming that her actions or inactions resulted in a denial of access to the courts his rights relative to access to courts are limited to challenges to the length or conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  Further, in order to state a claim for denial of access to the courts, a plaintiff must plead and prove prejudice or an "actual injury" stemming from the alleged interference.  *Id.*, p. 351.  That is, Plaintiff must show that Defendant prevented him from filing a specific paper or meeting some court deadline in a particular case and that

this caused him to lose that case or lose some part of a case.  Plaintiff needs to be more specific on this issue or delete this claim from a second amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

*Case No: 4:06-cv-00221-SPM-AK*

Insofar as Plaintiff moves to compel the Court for production of his medical records, both motions (docs. 40 and 45) are DENIED. If Plaintiff is able to file a viable complaint for service upon the defendants, the defendants will be ordered to file a special report which will include all relevant medical records which Plaintiff will be served with. He will also be allowed discovery time, but any discovery requests are premature at this point in the proceedings. Further, Plaintiff's motion for examination under Rule 35 is DENIED, since that, too, is a discovery tool and all discovery is premature at this point in the proceedings. If Plaintiff wants a dental examination by another doctor as part of his relief, he should seek that specifically in his second amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **January 26, 2007.**

3. Plaintiff's Motions to compel (docs. 40, 44 and 45) are **DENIED**.

4. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **9th** day of January, 2007.

                                        s/ A. KORNBLUM
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**